IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANIEL NEWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-368 (MTT) |
| | ) |
| QSR SOUTHERN GROUP LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pro se Plaintiff Daniel Newman filed this action and contemporaneously moved for leave to proceed *in forma pauperis* ("IFP"). Docs. 1; 2. For the following reasons, Newman's motion to proceed IFP (Doc. 2) is **DENIED**. To move forward with this case, Newman is hereby **ORDERED** to pay the necessary $405 filing fee within fourteen days of entry of this Order. Failure to fully and timely comply with this Order may result in the dismissal of this action.[1]

## I. DISCUSSION[2]

---

[1] *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981).

[2] Motions to proceed IFP are governed by 28 U.S.C. § 1915(a). Section 1915(a) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).  Where a plaintiff demonstrates economic eligibility to file IFP, the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*.  To show poverty, the plaintiff need not show that he is "absolutely destitute." *Martinez*, 364 F.3d at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)).  Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307.  However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014).  Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack*, 2014 WL 3845777, at *1 (citing *Startti v. United States*, 415 F.2d 1115 (5th Cir.1969)).[3]  District courts are given wide discretion to decide IFP cases and should "grant the privilege sparingly," especially in civil cases for damages.  *Martinez*, 364 F.3d at 1306.

---

28 U.S.C. § 1915(a).  "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[3] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

While Newman is unemployed, his financial affidavit states he receives $4,044 per month from the V.A.  Doc. 2 at 1-3.  Newman's annual income of $48,528 well exceeds the federal poverty guideline for a single-person household, which is $15,060.[4]  However, income exceeding the poverty guideline alone is an "insufficient" reason to deny an IFP motion.  *See Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014).  The Court must also compare the applicant's assets and liabilities to determine whether the poverty requirement has been satisfied.  *Id.*

Here, Newman claims that his only other financial asset is a checking or savings account with a $200.00 balance.  Doc. 2 at 2-3.  Newman also states that he has two financial obligations: a credit card balance of $15,000 and a V.A. loan totaling $215,000.  *Id.* at 2.  Nevertheless, Newman's monthly income of $4,044 is more than enough to cover his estimated monthly expenses for his mortgage, utilities, food, insurance, credit card bills, gas, and other expenses totaling $3,526.  *Id*.  After paying those costs, Newman has $518 left each month that is not allocated toward paying bills or covering basic living expenses.  *Id.*  Thus, the Court finds that Newman is not unable to afford the filing fees associated with bringing an action in federal court, and Newman's motion to proceed IFP (Doc. 2) is **DENIED**.

## II. CONCLUSION

For the foregoing reasons, the Court finds that Newman is not unable to afford the filing fees associated with bringing an action in federal court.  Thus, Newman's motion to proceed IFP (Doc. 2) is **DENIED**.  To move forward in this case, Newman is hereby **ORDERED** to pay the necessary $405.00 filing fee within fourteen days of the

---

[4] The federal poverty guidelines can be found at https://aspe.hhs.gov/poverty-guidelines.

entry of this Order. Failure to fully and timely comply with this Order may result in the dismissal of this action.

**SO ORDERED**, this 8th day of September, 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
